■    In the Matter of ALBERT A. IOVINO, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— Determination confirmed, without costs.    All concur, except Bastow and Goldman, JJ., who dissent and vote to annul the determination in the following Memorandum: This is an article 78 proceeding to revoke the determination of the Commissioner of Motor Vehicles which suspended petitioner's operator's license for 90 days on the grounds of gross negligence.    The suspension grew out of an accident which petitioner had at noon on April 30, 1962 at a busy and congested multiplicity of intersections in the City of Rochester. The uncontroverted testimony before the Referee was that petitioner entered the intersection on the green light intending to make a left hand turn.    He stopped his car at the crosswalk waiting for oncoming traffic to clear the intersection.    When he had an opportunity to complete his turn, he started his car and collided with an aged pedestrian who was crossing the intersection.    He was 15 or 20 feet from the curb in the middle of the road and proceeding in first gear at a speed of less than five miles per hour.    He stopped his car immediately upon contact with the pedestrian.    Petitioner claimed that he was temporarily blinded by the sun which had been shielded by the buildings around the intersection and which did not bother him until he had proceeded further into the intersection.    A police officer who investigated the accident immediately after it happened stated that the sun " was very blinding ".    The officer had contacted a witness, another driver, who saw the accident, who confirmed the fact that the sun was unusually brilliant and " was a very contributing factor in this accident ".    The officer made no arrest and placed no charge against the petitioner.    The officer succinctly explained the cause of the accident in this testimony: " Well the only cause I can see why this accident ever happened was due to the position of the sun.    On this particular day I know it to be a fact, I was driving against it and it was very very bad to see.    The sun was very strong.    It was a very bright day and another thing on this particular corner, at the time the accident happened on that corner, which would be the southwest corner, there was a building casting a shadow, which would cover the crosswalk to a car being operated in a westerly direction, like Mr. Iovino's car was, the way he was heading and then there was a light directly in the center."    The finding by the Referee that the petitioner " was grossly negligent in failing to grant the right of way to a pedestrian " is not supported by any substantial evidence.    *Matter of Nicholls* v. *Hults* (11 N Y 2d 683) ; *Matter of Pincus* v. *Hults* (11 N Y 2d 709), and *Matter of Karp* v. *Hults* (9 N Y 2d 857) cited by the respondent are clearly distinguishable on their facts and support petitioner's contention that his negligence was none other than ordinary negligence. (*Matter of Bailey* v. *Hults,* 11 A D 2d 974; *Matter of Wager* v. *Hults,* 9 A D 2d 639; *Matter of Kaminski* v. *Kelly,* 8 A D 2d 767.)    For an excellent discussion of the distinction between gross negligence and ordinary negligence see *Matter of Jenson* v. *Fletcher,* 277 App. Div. 454, affd. without opinion 303 N. Y. 639. (Review of determination of respondent suspending petitioner's driver's license for 90 days transferred by order of Erie Special Term to the Appellate Division for determination.)    Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.